UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GUSTAVO HENRIQUE PAIVA,<br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Warden, Donald W. Wyatt Detention Facility*; DAVID WESLING, *Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations*; DAVID VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement*; DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, *Attorney General of the United States*,<br>Respondents. | No. 26-cv-599-JJM-AEM |

ORDER

Gustavo Henrique Paiva has filed a habeas Petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a). ECF No. 1.

The Government opposes Mr. Paiva's habeas Petition and argues that he is lawfully detained under 8 U.S.C. § 1225(b)(1). ECF No. 4 at 1. However, the Government also "submit[s] that the legal issues presented by this petition are similar to those addressed by this Court" in *De Andrade v. Nessinger*, No. 26-cv-183-

JJM-AEM, 2026 WL 925648 (D.R.I. Apr. 6, 2026), and, as such, "the Court may resolve the Petition without further briefing or oral argument." *Id.* at 2.

The Court agrees. The reasoning provided in *De Andrade* remains correct. Accordingly, the Court finds that Mr. Paiva's detention is unlawful. *See De Andrade*, 2026 WL 925648, at *5; *see also Vargas Mesa v. Nessinger*, No. 26-cv-566-JJM-PAS, 2026 WL 2474683, at *5-6 (D.R.I. Aug. 24, 2026) (finding that the Government did not have the lawful authority to detain a noncitizen who was processed for expedited removal and then granted parole under 8 U.S.C. § 1182(d)(5)(A) because, after having entered the country more than two years ago, the noncitizen could no longer be described as "arriving in the United States," as Section 1225(b)(1) requires).

The Court therefore finds Mr. Paiva to be detained under Section 1226(a), which governs the detention of "noncitizens . . . who are present in the United States without admission[.]" *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026). Accordingly, he is entitled to a bond hearing before an IJ. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

Moreover, because the Government did not have the legal authority to detain Mr. Paiva under the authority that it claims (Section 1225(b)(1)), the Court also finds his immediate release to be appropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *cf. Guerrero Orellana*, 2026 WL 2352042, at *1 (holding that a district court, which found a noncitizen's detention to be governed by

Section 1226(a) and not Section 1225(b)(2)(A), "was right to order the government to release [the noncitizen] or provide him with a bond hearing").

## CONCLUSION

The Court therefore GRANTS Mr. Paiva's habeas Petition. ECF No. 1. The Government is hereby ORDERED to <u>release Gustavo Henrique Paiva immediately</u>. Per its request, the Government is permitted to transfer Mr. Paiva to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 4 at 3 n.3. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did not have the lawful authority to detain Mr. Paiva in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. Paiva's transfer to Burlington shall not in any way impede his <u>immediate release</u>.

The Government is also ORDERED to <u>provide Gustavo Henrique Paiva with a bond hearing before an IJ</u> under 8 U.S.C. § 1226(a) within ten (10) days of the date of this Order. Should it choose to pursue Mr. Paiva's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-

AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to <u>file a status report</u> within five (5) days of Mr. Paiva's bond hearing, stating whether he has been granted bond. If Mr. Paiva's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Paiva has been re-detained by ICE.

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 28, 2026